UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VALVETTA MCGEE-HUDSON                      CIVIL ACTION

VERSUS                                           NO. 12-538-JJB-RLB

AT&T

## O R D E R

Before the Court is Plaintiff's Motion for Discovery Sanctions (R. Doc. 17). Plaintiff has also filed an "Affidavit for a Judgment by Default," presumably in support of her motion for sanctions (R. Doc. 20). Defendant opposes Plaintiff's motion and affidavit (R. Doc. 23). For the reasons discussed below, Plaintiff's Motion is **DENIED**.

### I. Background

On July 16, 2013, Plaintiff filed a motion to compel responses to Plaintiff's Second Set of Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7 and Plaintiff's Second Request for Production of Documents Nos. 1, 2, 6. (R. Doc. 11). On October 11, 2013, the court granted the motion in part and denied the motion in part. (R. Doc. 16). The order required Defendant to provide responses to Interrogatory Numbers 1, 2, and 7 and Request for Production Numbers 1 and 6 to the extent provided by the order. (R. Doc. 16 at 14). The order further states that "Defendant is not required to duplicate any information and documents that have already been produced to Plaintiff." (R. Doc. 14).

Plaintiff's Second Interrogatory Number 1 and Requests for Production Number 1 requested Defendant to identify and produce documents relating to "all investigation reports and complaint(s) relating to Eva Pierce, including but not limited to the Asset Protection and Ethics Investigation Reports." (R. Doc. 11-3 at 2). Defendant objected on the grounds that these

discovery requests are overly broad, seek irrelevant information, violate the privacy rights of non-parties, and seek information protected from discovery by the attorney-client privilege. (R. Doc. 11-3 at 9).

Notwithstanding its objections, Defendant represented in its original responses that it had responded to Plaintiff's Second Interrogatory Number 1 and Requests for Production Number 1 by producing the Asset Protection Report and internal investigation reports in response to Plaintiff's first set of written discovery, as well as its record of an internal complaint filed by Brandie Small that mentions Eva Pierce. (R. Doc. 11-3 at 9). Furthermore, in its Opposition to Plaintiff's motion to compel, Defendant provided the court with documents it produced in response to these discovery requests. (R. Doc. 12 at 2-3).[1] Defendant asserted that all remaining responsive documents are protected by the attorney-client privilege as indicated by its privilege log. (*see* R. Doc. 12, Ex. 4).

The October 11, 2013 order concluded that many, if not all, of the documents indicated by Defendant in its opposition memorandum are responsive to Plaintiff's Interrogatory Number 1 and Document Request Number 1. It was unclear to the court, however, whether Defendant withheld any non-privileged documents responsive to Interrogatory Number 1 or Document Request Number 1 on the basis of "privacy" grounds. The court, therefore, ordered Defendant to produce any non-privileged, responsive documents withheld on the basis of "privacy" grounds.

Defendant submitted its supplemental responses, in accordance with the Court's order, on October 17, 2013. (R. Doc. 17-2 at 16-20). Plaintiff's instant motion asserts that Defendant's supplemental responses to Plaintiff's Second Interrogatory Number 1 and Requests for

---

[1] These documents are Bates numbered BST 0001-0074 (R. Doc. 12-3; R. Doc. 12-4), BST 1670-1676 (R. Doc. 12-8 at 45-56), and BST 1679-1681 (R. Doc. 12-8 at 54-56).

Production Number 1 are deficient and in violation of the October 11, 2013 order. (R. Doc. 17 at 1). Defendant's supplemental responses, in pertinent part, are as follows:

> [Plaintiff's Second Interrogatory No.] 1: Identify all investigation reports and complaint(s) relating to Eva Pierce, including but not limited to the Asset Protection and Ethics Investigation Reports.
>
> [Defendant's] Supplemental Response: At pages 6 through 7 of the Court's Order dated October 11, 2013 (Doc. #16), the Court stated "[i]f Defendant withheld any non-privileged documents responsive to Interrogatory Number 1 or Document Request Number 1 on the basis of 'privacy' grounds, Defendant shall identify and produce those documents." Let this supplemental response serve to confirm that Defendant has not withheld on grounds of "privacy" any documents responsive to Plaintiff's Second Interrogatory Number 1 or Plaintiff's Second Documents Requests Number 1. All responsive information has been produced. See pages 2 through 3 of Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel and the pertinent documents identified therein.
>
> \* \* \*
>
> [Plaintiff's Second Request for Production of Documents No.] 1: Please produce any and all documents relating to Interrogatory No. 1.
>
> [Defendant's] Supplemental Response: [Defendant] incorporated by reference its Supplemental Response to Plaintiff's Interrogatory No. 1 above.

(R. Doc. 17-2 at 16, 18). Plaintiff claims that Defendant's supplemental response to these discovery requests constitutes "fraud upon the court" and "is a blatant misrepresentation." (R. Doc. 17-1 at 8). Plaintiff requests the court to award the sanction of default judgment under Rule 37(b)(2)(C) and argues that "the effectiveness of a less drastic sanction would only prejudice the case." (R. Doc. 17-1 at 7).

## II.     Law & Analysis

Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, the district court may issue sanctions if a party fails to obey an order to provide or permit discovery. Those sanctions may include, as requested by Plaintiff in the instant motion, "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). The Fifth Circuit Court of

3

Appeals has held that a party's violation of a discovery order warrants dismissal with prejudice if: 1) the refusal to comply results from bad faith or wilfulness and is accompanied by delay or contumacious conduct; 2) the violation of the discovery order is attributable to the client instead of the attorney; 3) the violating conduct substantially prejudices the other party; and, 4) a less drastic sanction would not achieve the same result. *F.D.I.C. v. Conner,* 20 F.3d 1376, 1380 (5th Cir.1994). Under Rule 37(b), dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances. *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 430 (5th Cir. 1987).

The court need not determine whether default judgment is warranted as a form of sanctions in this case because the Plaintiff has not demonstrated that Defendant has violated the court's October 11, 2013 order. The court's order found that Defendant's responses to the Plaintiff's Second Interrogatory Number 1 and Second Document Request Number 1 were adequate with the exception that it was unclear whether Defendant had withheld any non-privileged, responsive documents based on "privacy" grounds. In its supplemental responses, Defendant clarified that it has not withhold any non-privileged, responsive documents based on "privacy" grounds. (R. Doc. 23 at 2-3). Defendant has further represented to the court that it has produced all non-privileged documents responsive to Plaintiff's discovery requests. (R. Doc. 23 at 3-5). Nothing in the record indicates that Defendant's supplemental responses, submitted through its counsel, are untruthful.

Nevertheless, Plaintiff argues that a separate investigation report relating to Eva Pierce's alleged credit card misuse must exist and Defendant has spoliated that evidence. (R. Doc. 17-1 at 5). Plaintiff's assertion is speculative. Plaintiff offers no evidence to support this speculation, other than representing that Ms. Pierce was interviewed on two occasions by Defendant's Human

4

Case 3:12-cv-00538-JJB-RLB   Document 24   11/22/13   Page 4 of 6

Resources manager pertaining to credit card misuse by several employees, including Plaintiff.[2] Plaintiff's affidavit does not provide the court with any additional guidance, as it simply reiterates Plaintiff's general position that Defendant has "withheld and concealed relevant documents" in discovery. (R. Doc. 20).

Defendant suggests that Plaintiff is seeking independent investigation reports regarding Ms. Pierce based upon language in Defendant's EEOC position statement providing that the investigation by its Asset Protection organization "determined that any infraction committed by Eva Pierce, a non-management bargained for employee represented by the union (CWA), was performed at the direction of her manager(s) including, but not limited to, the Charging Party." (R. Doc. 23 at 4 (quoting EEOC position statement)). Defendant represents that because Ms. Pierce was a non-management employee, it did not issue Ms. Pierce a company credit card and, therefore, no independent investigation report regarding Ms. Pierce exists. Defendant reiterates that all documents and information pertain to "investigations involving Pierce," "complaints by Pierce," and "complaints against Pierce" have been produced and there "is no more discovery available pertain to Pierce." (R. Doc. 23 at 5).

Considering that Plaintiff has not produced any evidence indicating that an independent investigation of Ms. Pierce was conducted, the court will accept the representations of Defendant, presented through their counsel, that all non-privileged, responsive documents regarding Ms. Pierce have been produced.

---

[2] Defendant represents that it has produced a 16-page handwritten letter by Ms. Pierce sent to Defendant's Human Resources manager "that divulged facts and circumstances pertaining to credit card misuse and other Code of Business Conduct violations that ultimately resulted in the termination of Plaintiff and Other BellSouth managers." (R. Doc. 23 at 4 n. 2).

5

As the court finds that Defendant has not violated the court's discovery order, an award of expenses under Rule 37(b)(2)(C) is unwarranted. The parties shall each bear their own costs in connection with this Motion.

**III.     Conclusion**

For the reasons discussed above, **IT IS ORDERED** that Plaintiff's Motion for Discovery Sanctions (R. Doc. 17) is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 21, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**